SOLOMON STANLEY & *al.* *versus* ALDEN REED & *al.*

It was the duty of the creditor selecting a justice, under the Rev. Stat. c. 148, § 46, as well as under the Stat. 1848, c. 85, § 1, to procure the attendance of the justice, selected by him, at the time and place appointed in the citation for hearing the disclosure of the debtor.

STATEMENT of facts : —

" This is an action brought upon a poor debtor's bond, dated the 16th day of May, 1846.

" Writ is dated the 27th day of January, 1847.

" The defence in this action is, that Reed, the principal defendant, performed one of the conditions of the bond by taking the poor debtor's oath, before two justices of the peace and quorum within and for the county of Kennebec, within which county he was arrested and gave the bond in suit, within six months from the date of said bond; the certificate of the administration of the oath by said magistrates is all regular, if they were regularly and duly organized as a court.

" It is agreed, that the time appointed for the disclosure was ten of the clock in the forenoon ; that said Reed, the principal defendant, appeared in due season and selected and procured the attendance of Fred. A. Fuller, a magistrate duly qualified to act in that capacity, in said county of Kennebec, and that the plaintiffs, by their attorney, appeared then and there and selected John Smith, who, it is agreed, was at that time a magistrate duly qualified to act in that behalf, and who

resided at that time in a town adjoining the town wherein the disclosure was had, but declined to go after him, or in any other way to procure the attendance of said Smith ; and thereupon, said Fuller decided, that it was incumbent on the creditor to procure the magistrate, by him selected, and as the creditor declined to do that, said Fuller continued said proceedings to four of the clock in the afternoon of the same day, to allow said Reed time to cause another magistrate to be selected by an officer ; and at said time, M. A. Chandler having been selected and his attendance procured by a competent officer, proceedings were had in the disclosure by said Fuller and Chandler, the creditor appearing and putting interrogatories, without waiving his former selection, but insisting upon it. The proceedings were regular, except as above named.

*J. H. Webster*, for the plaintiffs, contended that no court consisting of two justices, legally selected, was organized. The plaintiffs had done every thing, which the statute required of them, to have a justice. They had made the selection of a suitable person, and they were not required by law, as it then was, to do any thing more, or to be at any further expense. The expense of the debtor's discharge is to be borne by him. The statute 1848, c. 85, § 1, was passed since that time, and shows such was not the law before.

The contingency on which an officer was authorized to make a selection, had not happened, and the whole proceedings are void.

*Bronson*, for the defendants, said that the debtor had no power to compel the attendance of the magistrate selected by the creditors. And a justice might be selected, that the creditor knew, well enough, would not attend, although he might not have exchanged a word with him on the subject.

Had there been any objection, as the attorney of the creditors was there, he should have made it then.

Attending the examination, and putting interrogatories, was a waiver of any irregularity in making the selection.

The opinion of the Court, SHEPLEY J. not present at the argument, and taking no part, was drawn up by

WELLS J. — The question presented in the statement of facts is, whether it is the duty of the debtor, to procure the attendance of the justice, selected by the creditor.

By c. 148, § 46, Rev. Stat. it is provided, that "one of the justices may be selected by the debtor, one by the creditor, his attorney or agent, if the same can conveniently be done, otherwise by the officer, &c. And such officer may also select, in case the parties or either of them decline so to do. In case said justices so selected, do not agree, they may select a third, &c. And if said two justices are unable to agree on a third, he may be selected by the officer," &c.

The debtor appeared at the appointed time, which was at ten of the clock in the forenoon, and selected a justice who was present; the creditor also appeared and selected one, residing in an adjoining town, but declined to procure his attendance. The justice present adjourned the examination, until four of the clock, in the afternoon, of the same day, and an officer duly qualified, selected another justice who attended, and the proceedings were closed, by the discharge of the debtor. The creditor appeared and put interrogatories, without waiving his former selection.

In the case of *Williams* v. *Burrill*, 23 Maine R. 144, it was decided that one justice could not adjourn, before the organization of the court, for until that took place, it could have no legal existence.

But by the act of 1846, c. 215, passed subsequent to the decision of that case, power was given, to the justice selected by the debtor, to adjourn, not exceeding twenty-four hours. But this power to adjourn is only given "whenever a creditor shall neglect, refuse or unreasonably delay to select a justice," &c. So that if the mere nomination of a justice is a selection, then there was no neglect, refusal or delay, on the part of the creditor, and the adjournment was not authorised.

In what sense did the Legislature use the word, *select?* No power is given to coerce the attendance of the justices. The officer has no authority to compel them to appear. *Burnham* v. *Howe*, 23 Maine R. 439.

The mere nomination of a justice by a creditor, without any measures taken, to inform him or solicit his attendance, after the debtor had appeared, at the time and place, of which notice had been given fifteen days before, with a justice by him selected, could not have been intended, as the ordinary action, embraced in the word *select.* Upon such a construction there could be no power of adjournment. The creditor, by naming a justice residing in a distant part of the county, would be enabled to defeat entirely the proceedings.

And if an adjournment could take place, it might be that the debtor could not find the justice named by the creditor or he could not attend, when called upon by the debtor.

If such an act is a selection by the creditor, then the debtor could proceed no further, for he has no authority, given him to compel the attendance of the justice, and the contingency has not happened, in which the officer can make the selection. Such a construction would be altogether subversive of the rights of the debtor.

The most satisfactory evidence of the selection of the justice, is his presence, at the time and place designated, and if he does not appear, it may be considered, that the selection has not been accomplished. *Selection,* in the statute, implies something more than nomination, it looks not to words only, but to action. The Legislature must have intended a selection, which would be complete and effectual by attendance, and where there was no attendance of a justice, that then there was not a full and perfect selection, and the proper officer could make one.

Under the act of 1846, before cited, if a creditor appeared and chose a justice although he might be many miles distant, if that is a selection, then the creditor has not neglected, refused or delayed to select, and the justice present has no power to adjourn. Such a construction would defeat the manifest intention of the law.

If then we are to understand, that in the act of 1846, the word select implies the attendance of the justice, we are at liberty to infer, that it was used in the same sense in § 46, c.

148, Rev. Stat. Both statutes relate to the same subject matter, and are therefore to be construed together.

If it had been the intention of the Legislature to require the debtor, to procure the attendance of the justice, selected by the creditor, it might reasonably be supposed, that some legal authority would have been given to the debtor, to effect that object. But none having been given, is an indication that there was no such intention, and that each party was to procure the attendance of some justice.

Since the argument in this case, the Legislature has provided, by the act of Aug. 11th, 1848, that it shall be the duty of the creditor to procure the attendance of the justice, selected by him.

The present case must be decided independently of that act, but our opinion is, that the former law is in harmony with its requirements, and that its provisions do not alter, but more fully explain the law.

The attendance of the creditor at the examination and the interrogatories put by him, according to the case of *Williams* v. *Burrill*, before cited, do not give jurisdiction, and therefore do not affect the decision of this action. The defendant's case derives no aid from those circumstances. And without reference to them, they are entitled to a judgment in their favor. *According to the agreement of the parties,*

*a nonsuit is to be entered.*